UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **Jeffrey S. Yontz** | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CASE No. 3-13-cv-066 |
| | : | |
| **Dole Fresh Vegetables, Inc.**, | : | JUDGE THOMAS M. ROSE |
| | : | |
| *Defendant*, | : | |
| : | : | |

**ENTRY AND ORDER DENYING DEFENDANT, DOLE FRESH VEGETABLES, INC.'S MOTION TO STRIKE SPECIFIC PARAGRAPHS IN PLAINTIFF'S COMPLAINT.** (DOC. 7)**.**

Pending before the Court is Defendant, Dole Fresh Vegetables, Inc.'s Motion to Strike Specific Paragraphs in Plaintiff's Complaint. Doc. 7.  The Court finds Plaintiff's response unnecessary to disposition of the motion, and proceeds to ruling without the need for a hearing or Plaintiff's response.

Plaintiff, Jeffrey S. Yontz, claims that Defendant has violated rights afforded him under the Family Medical Leave Act.  Plaintiff's complaint asserts, *inter alia*, that Plaintiff filed a complaint with the United States Department of Labor alleging that Dole violated his rights under the FMLA, doc. 1 at ¶ 38, that the Department of Labor found that Defendant had violated the FMLA, *id.* at ¶ 47, and these alleged facts support a finding that Defendant willfully violated the FMLA, *id.* at ¶¶ 54, 56, 78 and that defendant retaliated for Plaintiff's assertion of FMLA rights. *Id.*, at ¶ 55.

Defendant now moves the Court to strike these assertions under Federal Rule of Civil Procedure 12(f) as scandalous.  Defendant informs the Court that a Defendant making such a

1

motion "must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant." Doc. 7 at 5 (quoting *Berke v. Presstek, Inc.,* 188 F.R.D. 179, 180 (D.N.H. 1998).

Defendant's memorandum in support then proceeds to argue administrative law minutia as to the degree of trustworthiness of the Department of Labor investigation. Defendant also cites to an unpublished district court opinion concerning an allegation so scandalous that the district court avoids revealing its nature and grants an unopposed motion to strike the allegations at the summary judgment stage. Doc. 7 at 6 (citing *Ritenour v. Tennessee Dept. of Human Services*, 2010 WL 3928514 (M.D. Tenn. Oct. 4, 2010).

In the instant case, the very fact that Defendant argues the degree of trustworthiness to be afforded the Department of Labor's investigation highlights that the matter potentially has a bearing on the issues in the case, however small. Moreover, the Court perceives nothing particularly scandalous in Plaintiff's complaint. Defendant has put forward arguments regarding the relevance of the Department of Labor report that are better resolved in motions for summary judgment or motions *in limine*.

For the reasons stated in Defendant's Memorandum in Support of Defendant's Motion to Strike Specific Paragraphs in Plaintiff's Complaint, Defendant's Motion to Strike Specific Paragraphs in Plaintiff's Complaint, doc. 7, is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, Monday, June 10, 2013.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE